UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACI HADDEN,<br><br>                Plaintiff,<br>  v.<br>RANDY KIDD, *et. al.*,<br><br>                Defendants. | Case No. 4:12-cv-00029-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Entry of Default as to Defendant Ringle F.R.C.P. 55(b)(2) (Dkt. 28).

## BACKGROUND

Plaintiff Tracy Hadden filed her Complaint on January 20, 2012. Hadden asserted claims against defendants Randy Kidd, Kevin Halverson, and John Ringle. Five days later, Hadden filed an application to proceed *in forma pauperis*. Magistrate Judge Williams granted that motion on May 8, 2012. A summons was issued to each of the three defendants on May 31, 2012. Defendants Kidd and Halverson each waived service and filed answers to the Complaint on July 16, 2012. Defendant Ringle did not waive service, file an answer, or make an appearance in the case.

On November 7, 2012, after the case was reassigned to the undersigned District Judge, the Court conducted a telephone scheduling conference and entered a Case Management Order. All deadlines in the CMO have now passed.

Defendants Kidd and Halverson, both represented by attorney Blake Hall, filed a motion for summary judgment on August 29, 2013. Hadden filed a response to the motion, but two weeks later the parties filed a "Stipulation for Dismissal with Prejudice." (Dkt. 24). The stipulation stated that "[i]t is hereby stipulated and agreed, by and between the parties, through their attorneys of record, that the complaint filed by Plaintiff in the above-referenced matter may be dismissed with prejudice as against Defendants, with each party to bear its own costs and attorney fees." (Dkt. 24). The next day the Court granted the stipulation, dismissed the case in its entirety, and entered Judgment. (Dkts. 25 & 26).

About one week later, on November 5, 2013, Hadden filed a Motion for Correction of Judgment. (Dkt. 29). Hadden clarified that the stipulation pertained only to plaintiff and "the defendants named therein," Kidd and Halverson. A review of the stipulation revealed that no defendants were "named therein;" it simply stated "Defendants." However, the caption of the stipulation listed Kidd and Halverson, but not Ringle, and at that point Ringle had not even appeared in the case. Accordingly, the Court withdrew the earlier Judgment, and dismissed the case only as against defendants Kidd and Halverson.

On the same day Hadden filed her motion for correction, she also filed an affidavit of service indicating that Ringle had been served almost a year and a half earlier on June 20, 2012. She also filed the pending Motion for Entry of Default as to Ringle. (Dkt. 28). Ringle filed his Answer to the Complaint the next day. A day later, Ringle filed an

MEMORANDUM DECISOIN AND ORDER - 2

"Objection to Motion for Entry of Default as to John Ringle," and Hadden timely replied. The issue is now ripe for the Court's consideration.

## ANALYSIS

Before addressing the motion for default, the Court must clarify a couple procedural items which bear on the pending motion. Specifically, the Court must address Ringle's Answer to the Complaint and proof of service.

**1.    Answer**

First, the Court must address Ringle's tardy Answer. The Complaint was filed on January 20, 2012, and after the Court granted Hadden leave to proceed *in forma pauperis*, a summons was issued to Ringle and the other two defendants on May 31, 2012. After waiving service, the other two defendants timely filed their answers on July 16, 2012. Because Ringle did not waive service, his Answer was due 21 days after he received the summons – sometime in late June 2012. He did not file his Answer until November 6, 2013, the day after Hadden filed her motion for default against him. Thus, Ringle's Answer was nearly 15 months late, and it was filed after all deadlines in the CMO had passed.

Rule 6 requires that when an act must be done within a specified time, the court may extend the time for good cause shown with or without motion or notice if a request for extension is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). Otherwise, the Court may, for good cause, extend the time only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ.

MEMORANDUM DECISOIN AND ORDER - 3

Case 4:12-cv-00029-BLW  Document 36  Filed 12/13/13  Page 4 of 6

P. 6(b)(1)(B). Here, no request for extension was made before the original time expired – in fact, no motion or request for extension has ever been made, and Ringle has not argued excusable neglect for his extremely tardy Answer. Accordingly, Ringle's Answer is not valid.

2.      **Proof of Service**

Second, as explained above, after the summons was issued back in May 2012, unlike the other two defendants Ringle did not waive service. Unless service is waived, proof of service must be made to the court by the server's affidavit. Fed. R. Civ. P. 4(l)(1). Here, an affidavit of proof of service on Ringle was filled, but not until nearly a year and a half after Ringle was actually served. At first blush, this may appear to be significant. However, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3). In turn, late-filed proof of service likewise does not affect the validity of service. Accordingly, the Court finds that Ringle was properly served on June 20, 2012 as indicated by the server's affidavit.

3.      **Motion for Entry of Default**

Having concluded that Ringle was properly served, but failed to validly answer the Complaint, the Court turns to the motion for default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Fed. R. Civ. P. 55(a) (Emphasis added). As explained above, Ringle's Answer is invalid.

Accordingly, the Clerk of the Court *must* enter default against him, and the Court will order the Clerk to do so.

Once the Clerk enters default, Hadden suggests the Court "take such action as is necessary under the rule to conduct an accounting and set the amount of damages. . . ." *Plf. Br.* p. 2, Dkt. 28. She explains that her claim is not for a sum certain or a sum which can be made certain by computation.

Under these circumstances, the Clerk of the Court cannot enter judgment pursuant to Rule 55(b)(1), which allows the Clerk to enter judgment for a sum certain. Instead, Hadden must apply to the Court for a default judgment pursuant to Rule 55(b)(2). Hadden's pending motion appears to be an attempt to make that application, but it falls short given Mr. Hall's appearance on behalf of Ringle. "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b)(2). Accordingly, Hadden must obtain a hearing date from the Court and give notice of the hearing to Ringle at least 7 days prior to that date. Counsel may contact Jamie Gearhart at (208) 334-9021 to request a hearing date.

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Entry of Default as to Defendant Ringle F.R.C.P. 55(b)(2) (Dkt. 28) is **GRANTED**. The Clerk of the Court shall immediately enter default against Defendant John Ringle.

MEMORANDUM DECISOIN AND ORDER - 5



DATED: December 13, 2013

_____

B. Lynn Winmill
Chief Judge
United States District Court