UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACI HADDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RANDY KIDD, *et. al.*,<br><br>    Defendant. | Case No. 4:12-cv-00029-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it Defendant John Ringle's Motion to Set Aside Default. (Dkt. 38). Having considered the record and pleadings, the Court will grant the motion and set aside the entry of default.

**BACKGROUND**

Plaintiff Tracy Hadden filed her Complaint on January 20, 2012, asserting claims against defendants Randy Kidd, Kevin Halverson, and John Ringle (Dkt. 1). A summons was issued to each of the three defendants on May 31, 2012. Defendants Kidd and Halverson waived service, filed their answers, and were later dismissed from the case pursuant to stipulation of the parties. Defendant Ringle did not waive service, file an answer, or make an appearance in the case.

On November 5, 2013, Hadden filed an affidavit of service indicating that Ringle had been served over a year earlier, on June 21, 2012 (Dkt. 27). On the same day, she

filed a Motion for Entry of Default as to Ringle (Dkt. 28). Ringle filed his Answer to the Complaint the following day (Dkt. 31). Ringle then filed an Objection to Motion for Entry of Default and Hadden timely replied. The Court issued an Order on December 13, 2013, granting Hadden's Motion for Entry of Default (Dkt. 36). The clerk entered a default as to John Ringle on December 19, 2013, and the following day, Ringle filed a Motion to Set Aside Default (Dkt. 38). Hadden timely replied. The issue is now ripe for the Court's consideration.

## ANALYSIS

Rule 55(c) provides a court with discretion to set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). Courts look at the following three disjunctive factors to determine if good cause exists: 1) whether the defendant's culpable conduct led to the default; 2) whether the defendant has a meritorious defense; or 3) whether setting aside the default would prejudice the plaintiff. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

The party moving to set aside an entry of default must show that "the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). However, the Ninth Circuit instructs courts to consider the underlying policy that "a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

1. **Culpable Conduct**

Regarding the first factor of the good cause determination, culpability may turn on whether the conduct was intentional. *See TCI Group Life Ins. Plan*, 244 F.3d at 696. A defendant's neglectful failure to answer is not intentional if the defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Id.*

Here, Ringle contends that his failure to timely answer Hadden's complaint was not culpable conduct. He explains that his conduct reflected "simple carelessness." *Pl's Br.* at 4, Dkt. 38. Additionally, there is no suggestion by Hadden that Ringle's failure to respond was a manipulative tactic. Under the facts presented, the Court concludes that Ringle's conduct is not culpable.

2. **Meritorious Claim**

Regarding the second factor of the good cause analysis, a defendant that seeks to set aside a default entry must "present specific facts that would constitute a defense." *TCI Group Life Ins. Plan*, 244 F.3d at 700. However, the burden on the defendant is not extraordinarily heavy, and the Court need not decide on the truthfulness of the allegations to set aside a default. *Id.*

Here, Ringle alleges three plausible meritorious defenses. Ringle argues that 1) the claim is barred by the statute of limitations; 2) Hadden failed to exhaust administrative remedies; and 3) Hadden's claims of sexual contact are unsupported by evidence.

Although the parties may disagree as to the merits of Ringle's defense, it is clear that Ringle has stated plausible meritorious defenses to Hadden's claims.

### 3. Prejudice to the Plaintiff

The final factor of the good cause analysis is whether setting aside the default will prejudice the plaintiff by hindering her ability to pursue her claim. *Falk*, 739 F.2d at 463. Such prejudice requires more than a simple delay in the resolution of the case. *TCI Group Life Ins. Plan*, 244 F.3d at 701. In an action to set aside a default, being forced to litigate on the merits is not prejudicial. *Id.*

First, Hadden alleges she is prejudiced by Ringle's attempt to avoid "full legal process by trying the case piecemeal." *See Pl's Resp.* at 5, Dkt. 39. Hadden's allegations are purely speculative and based upon the fact that dismissed co-defendants and Ringle are represented by the same counsel. She further asserts that she will be prejudiced "with resulting delay." *Id.* Establishing prejudice requires more than showing a delay will occur.

Second, Hadden has not diligently pursued her own claims. She took over a year to both file her affidavit of service on Ringle and to pursue an entry of default against him. Although, as the Court stated in its earlier decision, failure to prove service does not affect the validity of service, the extremely late-filed proof of service and request for default does blunt Plaintiff's claim that she is prejudiced by a delayed resolution of her claims.

Third, because default judgment has not yet been entered, Hadden would be required to proceed in additional hearings to establish damages. Hadden provides the court with little evidence to show that her ability to pursue her claim will be hindered by the Court setting aside the default.

The Court, as a matter of policy, prefers to decide this case on the merits of the claims instead of procedural technicalities. Based upon the above analysis, the Court concludes that each of the "good cause" factors favor setting aside the entry of default. However, the Court advises both parties to strictly comply with all further deadlines, orders, and rules applicable to this action.

## ORDER

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Set Aside Default (Dkt. 38) is hereby **GRANTED**.

DATED: June 24, 2014

B. Lynn Winmill  
Chief Judge  
United States District Court